**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**SCOTT EVERETT WHITE**                                              **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 4:16-CV-P75-JHM**

**CAPT. HENDRICKS** *et al.*                                        **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

        This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff Scott Everett White leave to proceed *in forma pauperis*.  This

matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549

U.S. 199 (2007).  For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF COMPLAINT

        Plaintiff was formerly incarcerated at the Henderson County Detention Center (HCDC).

He brings this action against HCDC "Capt. Hendricks" and an "unknown deputy" of the

Henderson County Sheriff's Department.  He indicates that he is suing these two Defendants in

their official capacities.

        In his complaint, Plaintiff states as follows:

        On 5/28/16 at approx. 9-11 a.m. a search was conducted at [HCDC].  The search
        was done by a Sheriff Deputy and his K-9.  During this search, the Deputy had his
        firearm on his person.  I asked Capt. Hendricks why the Deputy had his weapon
        on him and I was instructed to keep quiet.  I felt unsafe because the Deputy had
        his weapon on his person in the facility.  Cameras in the facility will show he had
        his weapon on his person.  I wrote a grievance and it was responded to stating:
        "Acknowledged and will relay info the Sheriff."  I have a copy of the grievance.
        Capt. Hendricks is in charge of facility where I was being housed and he allowed
        Deputy in with his firearm and continued to allow this even after the situation was
        brought to his attention.

        As relief, Plaintiff seeks compensatory damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

"[O]fficial-capacity suits . . .'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against both Defendants are actually against Henderson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, such as Henderson County, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.

*Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138, 108 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff has not claimed that any alleged constitutional injury was the result of an official custom or policy of Henderson County.  As such, the Court will dismiss Plaintiff's official-capacity claims against both Defendants for failure to state a claim upon which relief may be granted.

## B.  Individual-Capacity Claims

In addition, although Plaintiff has not sued either Defendant in his or her individual capacity, even if he had, his complaint would still fail to state a claim upon which relief may be granted.  *See LaFountain v. Harry,* 716 F.3d 944 (6th Cir. 2013) (a district court may allow a

prisoner to amend a complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act).

### A.  The Unknown Deputy

Plaintiff complains that an unknown Sheriff's deputy carried his firearm with him while conducting a canine search at the HCDC.  The Court construes this allegation as an attempt to state an excessive-force claim under the Eighth Amendment.

Under the Eighth Amendment, an official's conduct will be found to amount to cruel and unusual punishment "when [his] offending conduct reflects an unnecessary and wanton infliction of pain."  *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).  In examining an excessive-force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring the court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted [is] sufficiently serious."  *Cordell*, 759 F.3d at 580 (internal quotation marks and citations omitted).  This heightened Eighth Amendment standard acknowledges that "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law."  *Id.* (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

The Court can find no case where the mere carrying of a firearm within a prison facility by a law enforcement official was found to constitute excessive force.  Although the Sixth Circuit has held that actions gratuitously taken by armed prison guards to frighten and degrade a plaintiff could state a claim under the Eighth Amendment, Plaintiff has only asserted that the unknown Sheriff's deputy was armed.  *See Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir.

2007). Plaintiff has made no allegation that the armed Sheriff's deputy took any action designed to frighten him, or otherwise acted maliciously or sadistically, toward him. Plaintiff has also failed to allege that he suffered any harm based upon the actions of this deputy. For these reasons, the Court finds that Plaintiff's allegations against the unknown deputy would fail to state a § 1983 claim against him in his individual capacity.

**B.  Captain Hendricks**

As to Captain Hendricks, Plaintiff alleges that he told Captain Hendricks that the deputy was carrying a firearm but that Captain Hendricks took no action.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff has failed to allege that Captain Hendricks engaged in any active unconstitutional behavior. For this reason, Plaintiff's allegations against Captain Hendricks would fail state a § 1983 claim against him in his individual capacity.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date:   December 20, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
     Defendants
     Henderson County Attorney
 4414.011